IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:25CR94 |
| | § | |
| ZACHARY DIXON PARKER | § | |

## FACTUAL BASIS

The defendant, Zachary Dixon Parker, hereby stipulates and agrees that at all times relevant to the Information, the following facts were true:

1.     Zachary Dixon Parker (Parker), the defendant, is the same person charged in the Information, and is pleading guilty to Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371.

2.     The events described in the Information occurred in the Eastern District of Texas, and elsewhere.

3.     From in or around March 2021, and continuing thereafter until in or about January 2023, Parker, and others, did knowingly and willfully combine, conspire, confederate, or agree to violate 18 U.S.C. § 1343, wire fraud, that is, to transmit or cause to be transmitted by means of wire communication in interstate or foreign commerce any writings, signs, signals, pictures, or sounds for the purpose of executing a scheme and artifice to defraud and for obtaining money or property by means of false or fraudulent material pretenses, representations, or promises.

4.     It was the general purpose of the conspiracy for Parker and his co-

Factual Basis - Page 1

conspirators to unlawfully and unjustly enrich themselves by obtaining money from victims by means of materially false or fraudulent pretenses, representations, or promises.

5. Parker acted with a specific intent to defraud; he knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

6. The scheme to defraud involved Parker making false material representations to induce victims to lend him money to buy equipment (he spent the money on other things); to purchase equipment from Parker that he represented was unencumbered (it was in fact subject to liens); and to issue Parker draw payments for construction work he did not perform.

7. During the existence of the conspiracy, Parker knowingly committed acts in furtherance of the conspiracy, as described below, in order to accomplish the object and purpose of the conspiracy.

8. A non-exhaustive sampling of acts committed by Parker in furtherance of the conspiracy is below:

9. Parker induced Newstream Capital Partners ("Newstream") to loan him $735,000 to purchase a 2019 Vermeer 1155 Commander 3 Trencher ("the equipment"). On March 7, 2022, Newstream sent, via interstate wire, $714,615 (the purchase price of the equipment less fees) to a bank account owned and controlled by Parker. Parker never purchased the equipment but instead used a portion of the borrowed funds to purchase title insurance for real property located in Glen Rose, Texas.

**Factual Basis - Page 2**

10.     Parker entered into an agreement with Delz Investments ("Delz") to build an RV park in Weatherford, Texas.   Parker requested multiple advance payments for the work he was to perform.   In reliance on Parker's representations, Delz advanced Parker $3,506,075 via multiple interstate wire transfers and cashier's checks in 2021. However, Parker did not complete much of the work as promised, causing a loss to Delz of $2,805,800.

11.     Parker entered into an agreement with Horizon Capital Solutions ("Horizon") to build a 64-lot residential subdivision.   Parker requested multiple advance payments for the work he was to perform.   In reliance on Parker's representations, Horizon advanced Parker $1,609,328 via multiple interstate wire transfers and cashier's checks in 2021 and 2022.   However, Parker did not complete much of the work as promised, causing a loss to Horizon of $1,313,900.

12.     In 2022, Parker proposed selling three pieces of heavy equipment to victim C.N. Parker represented to C.N. that Parker owned the equipment outright.   In reality, one of Parker's companies owned the equipment, which was pledged as collateral to Newstream.   However, Parker provided C.N. with altered invoices and other documentation that falsely represented that Parker owned the equipment outright.   In reliance on these representations, C.N. paid Parker, via three checks, $500,000 for the purchase of the equipment. As a result, C.N. lost $500,000.

13.     Parker knowingly transmitted or caused to be transmitted by means of wire communications in interstate or foreign commerce, writings, signs, signals, pictures, or

Factual Basis - Page 3

sounds for the purpose of executing the scheme to defraud.

14. The actual or intended loss of the conspiracy exceeded $3,500,000 but did not exceed $9,500,000.

15. The currently unreimbursed losses caused by the criminal violations are at least $5,334,315.

16. Parker admits and acknowledges that the above acts constitute a violation of 18 U.S.C. § 371, Conspiracy to Commit Wire Fraud.

17. Parker agrees to forfeit a sum of money of at least $5,334,315 in United States currency representing the amount of proceeds he obtained as a result of the offense conduct.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read or had read to me this factual basis and have discussed it with my attorney. I fully understand the contents of it and agree without reservation that it accurately describes the events and my acts.

Dated: 5/1/25

ZACHARY DIXON PARKER
Defendant

## COUNSEL FOR DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

I have read this factual basis and have reviewed it with the defendant. Based upon my discussions with the defendant, I am satisfied that the defendant understands it.

Dated: 5/5/25

JEFF KEARNEY
Attorney for the Defendant

Factual Basis - Page 4